UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:
ESTATE OF BRIDGET WASHINGTON,
or ROBERT LEWIS WASHINGTON, JR.,
AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF BRIDGET WASHINGTON,

    Plaintiffs,
vs.                                      CASE NO. 3:10-cv-1136-J-32TEM

CARTER'S RETAIL, INC., f/k/a,
OSHKOSH B' GOSH RETAIL, INC.,

    Defendant.
_____/

**O R D E R**

This matter is before the Court on Plaintiff, Robert Lewis Washington, Jr.'s, Motion for Extension of Time to Amend Complaint (Doc. #22, Motion to Extend Time) and Motion Amend the Complaint (Doc. #23).[1] By way of a Consolidated Opposition (Doc. #28), Defendant opposes both motions. Defendant also filed a Motion to Strike Count III from Plaintiffs' Complaint (Doc. #29, Motion to Strike). For the reasons stated herein, Plaintiff's Motion to Extend Time (Doc. #22) will be **GRANTED**, Plaintiff's Motion to Amend Complaint (Doc. #23) will be **GRANTED**, and Defendant's Motion to Strike (Doc. #29) is **DEEMED MOOT**.

---

[1] On October, 22, 2010, the Decedent, Bridget Washington, died (Doc. #1 at 1). Ms. Washington's estate contends this action survives her death and that Robert Lewis Washington, Jr., as the named Personal Representative of Ms. Washington's estate, has standing to sue on behalf of the estate (Doc. #1 at 2).

**I. Background**

In this action, Plaintiff alleges Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Doc. #1 at 1). On March 21, 2011, Plaintiff filed a Consent to Join Collective Action by Catherine S. Harrington (Doc. #19). On April 11, 2011, the District Court entered a Case Management and Scheduling Order, which directed that all motions to add parties or to amend the pleadings be filed on or before May 9, 2011 (Doc. #21 at 1).

On May 10, 2011, Plaintiff filed: (1) the instant Motion to Extend Time (Doc. #22); (2) the Motion to Amend Complaint (Doc. #23); and a proposed amended complaint (Doc. #24). Plaintiff's Motion to Extend Time (Doc. #22) requests leave to permit the filing of the Motion to Amend Complaint out of time, as the document was submitted after the May 9, 2011 deadline provided for in the Case Management and Scheduling Order (*see* Doc. #21 at 1).

In the Complaint (Doc. #1), Plaintiff alleges Defendant violated the Fair Labor Standards Act by requiring a certain amount of work to be performed which necessitated that employees work in excess of forty (40) hours per week (Doc. #1 at 6). Plaintiff claims Defendant did not compensate its employees for time worked in excess of forty (40) hours per week, requiring the Decedent and other employees of Defendant to work "off the clock" in order to remain employed (Doc. #1 at 6). Plaintiff additionally maintains that, even though such additional work was required, working the additional hours "off the clock" nevertheless violated Defendant's time-keeping policy, which also jeopardized the employees' continued employment (Doc. #1 at 7). Plaintiff claims the Decedent, after failed

attempts to correct the aforementioned with the district supervisor, contacted Defendant's Human Resources department to seek assistance in addressing the issue(s) related to uncompensated work-hours (Doc. #1 at 6-8).  Plaintiff alleges Defendant took no action with respect to the Decedent's requests, *supra*, but instead suspended Plaintiff without pay pending an investigation into her alleged violations of Defendant's time-keeping policy (Doc. #1 at 8).  Subsequently, on December 12, 2008, Plaintiff was terminated (Doc. #1 at 9).

Plaintiff claims she was terminated from her employment in retaliation for complaining to Defendant's Human Resources department (Doc. #1 at 11).  Plaintiff also maintains the reason(s) given for the Decedent's termination were pre-textual (Doc. #1 at 11).  Plaintiff additionally asserts grounds for a collective action with respect to other employees that were similarly situated (Doc. #1 at 12).

## II.  Discussion

### A.     Plaintiff's Motion for Extension of Time to Amend the Pleadings

Plaintiff requests that the Court extend the deadline for amending the pleadings (Doc. #22).  As the Motion to Extend Time was filed on May 10, 2011, the request falls one day after the deadline of May 9, 2011(*see* Doc. #21 at 1).  As such, Plaintiff's request to modify the deadline is anaylized under both Rules 6 and 16 of the Federal Rules of Civil Procedure.  *Ex rel. Miller v. Thrifty Rent-A-Car System, Inc.*, 609 F. Supp. 2d 1235, 1252 (M.D. Fla. 2009) ("when a party files a motion for leave to amend a pleading after the relevant scheduling order deadline has passed, the party must demonstrate both good

3

cause and excusable neglect for the untimely motion"); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418-19 & n. 2 (11th Cir. 1998).

The applicable portion of Rule 16 states, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under Rule 6, "When an act may or must be done within a specified time, the court may, for good cause, extend time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Defendant contends Plaintiff cannot show good cause for failing to meet the subject filing deadline and, therefore, is not entitled to an extension of time to amend the complaint (Doc. #28 at 8).

The good cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (*citations omitted*). Cases in both the Eleventh Circuit and in the Middle District of Florida have held that the moving party failed to establish good cause, and was not diligent, when an extension of time to amend the pleadings was sought months after the filing deadline had passed. *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1242 (11th Cir. 2009) (denying motion for extension of time to amend the pleadings when the motion was filed five months after the deadline for such had expired); *Romero v. Drummond Co.*, 552 F.3d 1303, 1318 (11th Cir. 2008) (denying extension on "the eve of trial"); *Smith v. Sch. Bd. Of Orange County*, 487 F.3d 1361, 1367 (11th Cir. 2008) (denying motion to amend filed over one year past the deadline); *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1276 (M.D.

4

Fla. 2002) (denying motion to amend when "final trail preparations should have been underway").

With respect to excusable neglect, the Supreme Court noted that, unless there is sufficient indication Congress has intended otherwise, the phrase "excusable neglect" should be interpreted as commonly used.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).  "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."  *Id*.  Although *Pioneer* involved Bankruptcy Rule 9006, the Court noted the time-computation and time-extension provisions of that rule, as well as Rule 6 of the Federal Rules of Civil Procedure, are generally applicable to any time requirement found elsewhere, unless expressly excepted.  *Id.* at n.4.  "The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter" or "to leave undone or unattended to esp[ecially] through carelessness."  *Id.* at 388 (*citing* WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY (1983)).  "The word [negligence] therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness."  *Id.*

In looking at all the circumstances leading to the omission in *Pioneer*, the Supreme Court identified four factors that courts should consider: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Id.* at 395.

In an early post-*Pioneer* decision, the Eleventh Circuit noted it had been "at some pain to define 'excusable neglect' in different fact situations in the past." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 849-50 (11th Cir. 1996). But based on examination of the four *Pioneer* factors, *supra*, the *Cheney* court found the delay in filing a motion to set aside a civil judgment was based on a communication failure between an associate attorney and the lead counsel that amounted to "carelessness." *Id. at* 850. The court determined that such negligence was an innocent mistake, and was not made in bad faith. *Id.* Finding no prejudice, the court held the neglect to be "excusable." *Id.*

Here, Plaintiff's counsel states she was busy outside of her office, with both work-related and personal matters, until 9:00 p.m. on May 9, 2011, which was the deadline for submitting a motion to amend the complaint (Doc. #22 at 2). At 9:00 p.m., Plaintiff's counsel claims she returned to her office in order to finalize both the Motion to Amend Complaint (Doc. #22) and the proposed amended complaint (Doc. #24). When Plaintiff's counsel attempted to electronically file the papers using the Court's electronic filing system at 10:30 p.m., she was apparently unable to access the internet at her office due to an internet "outage" (Doc. #22 at 2).[2] Thus, Plaintiff was unable to timely file the subject documents (Doc. #22 at 2).

Defendant cites, *inter alia*, *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981), in support of its contention that the fact counsel for Plaintiff has a busy practice does not establish excusable neglect (Doc. #28 at 13). In *McLaughlin*, however,

---

[2] Pursuant to Rule 6(a)(4)(A) of the Federal Rules of Civil Procedure, the last day for electronic filing is "at midnight in the court's time zone."

6

the court pointed out that having a busy practice was the "only" reason provided by the counsel seeking an extension of time after having missed a filing deadline. 662 F.2d at 1387. Here, Plaintiff's counsel maintains that, in addition to being busy, an internet outage beyond her control precipitated her failure to meet the filing deadline (Doc. #22 at 2).

Defendant additionally claims it would suffer prejudice if the Court were to grant the Motion to Extend Time (Doc. #22), as the proposed amended complaint adds a new party-plaintiff, Ms. Catherine S. Harrington, and an additional claim on behalf of the Decedent pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611 *et seq.* (Doc. #28 at 13-14). Defendant, however, was already aware of the proposed additional party's desire to participate in the instant litigation. Specifically, the Consent to Join Collective Action (Doc. #19), filed on March 28, 2011, indicates Ms. Harrington's intent to join in any collective FLSA action against Defendant. Although she apparently does not have a claim for overtime compensation, the proposed amended complaint asserts a claim on her behalf with respect to Defendant's purported failure to pay her a minimum wage (Doc. #28 at 13-14). Ms. Harrington's minimum wage claim arises out of the same operative facts as the Decedent's claim(s) (*see* Doc. #1; Doc. #24). Further, Plaintiff avers Defendant was already on notice as to the facts giving rise to the Decedent's FMLA claim *via* responses to discovery requests (Doc. #23 at 2).

Despite Defendant's assertion(s) to the contrary, there is no discernable prejudice here. "The inquiry is whether prejudice results from the *delay*, not from having to continue to litigate the case." *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) (*emphasis in original*). The motion was filed one day late, and

7

discovery is still ongoing (*see* Doc. #21 at 1).  The proposed amended complaint (Doc. #24) additionally withdraws the collective action count.

While waiting until the final hours to file the motion was undoubtedly careless, the purported internet outage was outside of counsel for Plaintiff's control.  Plaintiff's counsel notified Defendant forthwith of her intent to file the instant motion, and does not appear to have acted in bad faith.  Therefore, the Court will grant Plaintiff's Motion to Extend Time (Doc.# 22) and accept the Motion to Amend Complaint (Doc. #23) as timely filed.

### B.   Plaintiff's Motion to Amend the Complaint

Plaintiff requests leave of Court to amend the Complaint (Doc. #23).  By way of the motion, Plaintiff seeks to add Ms. Harrington as an individual plaintiff in this matter and to withdraw Count III, which asserts a collective action.  Plaintiff also seeks to add a claim, under the FMLA, with respect to the Decedent (Doc. #24 at 14-16).  Defendant opposes the relief sought by the motion, claiming Plaintiff's motion, if granted, would prejudice Defendant (Doc. #28 at 15-18).  As noted above, the undersigned does not find Defendant would be prejudiced; however, it is free to refute such at trial or in summary judgment proceedings.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15; *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In the language of the *Foman* Court,

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of

8

amendment, etc.– the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182.  Upon due consideration, the undersigned finds Plaintiff's Motion to Amend Complaint (Doc. #23) not to be in bad faith, for purposes of delay, or for any suspect reason stated above.  Therefore, the motion will be granted.

### III. Conclusion

Based on the foregoing, it is hereby **ORDERED**:

1. Plaintiff's Motion for Extension of Time (Doc. #22) is **GRANTED**.

2. Plaintiff's Motion to Amend Complaint (Doc. #23) is **GRANTED**.

3. The Amended Complaint (Doc. #24) is **DEEMED FILED as of the date of this Order**.

4. Defendant's Motion to Strike Count III of Plaintiffs' Complaint (Doc. #29) is **DEEMED MOOT**.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of July, 2011.

Copies to all counsel of record

**THOMAS E. MORRIS**
United States Magistrate Judge